IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| 1500 RIVER BROOK LLC<br>doing business as<br>Bridgewater Apartments,<br><br>        Plaintiff,<br><br>   v.<br><br>LESLIE LUMPKINS,<br><br>        Defendant. | CIVIL ACTION FILE NO.<br><br>1:14-CV-00169-WSD-JFK |

## **FINAL REPORT AND RECOMMENDATION**

The above-styled case is before the undersigned on Defendant Leslie T. Lumpkins' application to proceed *in forma pauperis*. [Doc. 1]. The court, for the purpose of remand, **GRANTS** Defendant's motion. The court has the responsibility "to review Defendant's notice of removal to determine whether it meets the requirements of the statute." Alabama v. Baker, 222 F. Supp. 2d 1296, 1297-98 (M.D. Ala. 2002). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction," 28 U.S.C. § 1447(c) (amended 2011) requires that "the case shall be remanded." Upon making this review, the court finds that it does not and recommends remand.

AO 72A
(Rev.8/82)

**I.     Background Facts**

Plaintiff 1500 River Brook LLC dba Bridgewater Apartments, the owner of the real property commonly known as 1427 Ridge Brook Trail, Duluth, Georgia 30096, filed a dispossessory warrant in the Magistrate Court of Gwinnett County, Georgia, on or about January 10, 2014, against Leslie Lumpkins for failure to pay rent which was past due.  [Doc. 1-a at 5].  Defendant Lumpkins filed notice of removal.  [Doc. 1-1].

**II.    Discussion**

Twenty-eight U.S.C. § 1441(a) provides that "any action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).  However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).  See also Arbaugh v. Y & H Corp., 126 S. Ct. 1235, 1244 (2006) (all federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party").  "[I]n removal cases, the burden is on the party who sought removal to demonstrate that federal jurisdiction exists."  Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1281 n.5 (11th

AO 72A
(Rev.8/82)

Cir. 2001). "[U]ncertainties are resolved in favor of remand." <u>Burns v. Windsor Ins. Co.</u>, 31 F.3d 1092, 1095 (11th Cir. 1994).

Defendant Lumpkins bases her petition for removal on the court's federal question jurisdiction. [Doc. 1-1 at at 2; Doc. 1-2, Civil Cover Sheet completed by Defendant]. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. . . .  The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." <u>Caterpillar, Inc. v. Williams</u>, 107 S. Ct. 2425, 2429 (1987) (citations omitted). Potential defenses involving the Constitution or laws of the United States are ignored. <u>Beneficial Nat'l Bank v. Anderson</u>, 123 S. Ct. 2058, 2062 (2003).

In the present case, Plaintiff relied exclusively on state law when it filed a dispossessory proceeding in the Magistrate Court of Gwinnett County. [Doc.1-1 at 5]. A dispossessory action is brought pursuant to O.C.G.A. § 44-7-50. See <u>Citimortgage, Inc. v. Dhinoja</u>, 705 F. Supp. 2d 1378, 1381 (N.D. Ga. 2010); <u>Ikomoni v. Executive Asset Management, LLC</u>, 309 Ga. App. 81, 84, 709 S.E.2d 282, 286 (March 16, 2011) ("'The *exclusive* method whereby a landlord may evict a tenant is through a properly

3

AO 72A
(Rev.8/82)

instituted dispossessory action filed pursuant to OCGA § 44-7-50 *et seq*.'") (citation omitted) (emphasis added).  Defendant alleges that removal is proper on the basis of federal question jurisdiction, and in her Petition for Removal, she claims that Plaintiff violated the Fair Debt Collection Practices Act, 15 U.S.C. 1692, and violated Defendant's rights under the Due Process Clause of the 14th Amendment to the United States Constitution with the dispossessory proceeding. [Doc. 1-1].  However, no federal question is presented on the face of Plaintiff's well-pleaded complaint. [Doc. 1-1 at 5].  There is also no evidence which warrants the application of an exception to the well-pleaded complaint rule, such as the doctrine of complete preemption. Caterpillar, 107 S. Ct. at 2430.  For these reasons, the court finds that federal jurisdiction does not exist and that this action should be remanded pursuant to 28 U.S.C. § 1447(c).

## III.   Conclusion

Accordingly, because Defendant has failed to demonstrate any lawful basis for removal of this action to this court, **IT IS RECOMMENDED** that this action be **REMANDED** to the Magistrate Court of Gwinnett County.

The Clerk is **DIRECTED** to terminate the reference of this action to the undersigned.

4

AO 72A
(Rev.8/82)

**SO RECOMMENDED**, this 23rd day of January, 2014.

_____
JANET F. KING
UNITED STATES MAGISTRATE JUDGE