IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| 1500 RIVER BROOK LLC d/b/a BRIDGEWATER APARTMENTS,<br><br>     Plaintiff,<br><br> v.<br><br>LESLIE LUMPKINS,<br><br>     Defendant. | 1:14-cv-169-WSD |

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Janet F. King's Final Report and Recommendation [3] ("R&R"), which recommends remanding this dispossessory action to the Magistrate Court of Gwinnett County, Georgia.

I. BACKGROUND

On January 10, 2014, Plaintiff 1500 River Brook LLC ("Plaintiff") initiated a dispossessory proceeding against its tenant Defendant Leslie Lumpkins ("Defendant") in the Magistrate Court of Gwinnett County, Georgia. The Complaint seeks possession of premises currently occupied by Defendant, plus past due rent, late fees, and costs.

On January 21, 2014, Defendant, proceeding *pro se*, removed the case to this Court by filing his Notice of Removal and an application to proceed *in forma pauperis* ("IFP") [1]. Defendant appears to assert that there is federal subject-matter jurisdiction based on the existence of a question of federal law. He claims in his Notice of Removal that this action violates "15 USCA 1692," "Rule 60 of the federal Rule of Civil Procedure [sic]," and the "14th Amendment of the U.S. Constitution."

On October 29, 2013, Magistrate Judge King granted Defendant's application to proceed IFP. Judge King also considered *sua sponte* the question of federal jurisdiction and recommends that the Court remand this case to the state court.

Judge King found that Plaintiff's underlying pleading shows that this action is a dispossessory proceeding that does not invoke a federal question. Noting that a federal law defense or counterclaim alone is not sufficient to confer federal jurisdiction, Judge King concluded that the Court does not have federal question jurisdiction over this matter.

There are no objections to the R&R.

**II.    DISCUSSION**

    A.    Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam).  A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  With respect to those findings and recommendations to which a party has not asserted objections, the Court must conduct a plain error review of the record.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam).

    B.    Analysis

Defendant does not object to the R&R's conclusion that Plaintiff's Complaint does not present a federal question.  The Court does not find any error in this conclusion.  It is well-settled that federal-question jurisdiction exists only when a federal question is presented on the face of a plaintiff's well-pleaded complaint and that the assertions of defenses or counterclaims based on federal law cannot confer federal question jurisdiction over a cause of action.  See Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003); Holmes Group, Inc. v. Vornado Air

Circulation Systems, Inc., 535 U.S. 826, 830-32 (2002).  This action is thus required to be remanded to the state court.  See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

### III.   CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Janet F. King's Final Report and Recommendation [3] is **ADOPTED**.  This action is **REMANDED** to the Magistrate Court of Gwinnett County, Georgia.

**SO ORDERED** this 31st day of March, 2014.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE